**Dimitriy KARPOV, individually and on behalf of himself and all others similarly situated, et al., Plaintiffs,**

**and**

**International Union of Operating Engineers, Local 825 Pension Fund, Plaintiff–Appellant,**

**v.**

**INSIGHT ENTERPRISES, INC., et al., Defendants–Appellees.**

**and**

**KPMG LLP, Defendant.**

**No. 10–17841.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2012.

Filed March 6, 2012.

Mark R. Gilling, Esquire, Phoenix, AZ, Matthew A. Kupillas, Barry A. Weprin, Esquire, Milberg LLP, New York, NY, Mark G. Worischeck, Phoenix, AZ, for Plaintiff–Appellant.

James Duane Burgess, Fennemore Craig PC, Phoenix, AZ, Brian Thomas Glennon, Esquire, Wendy Peterson Harper, Miles N. Ruthberg, Esquire, Latham & Watkins LLP, Los Angeles, CA, Barney Myer Holtzman, Esquire, Fennemore Craig, Tucson, AZ, for Defendants–Appellees.

Before GRABER and TALLMAN, Circuit Judges, and TIMLIN, Senior District Judge.*

MEMORANDUM **

Plaintiff-appellant International Union of Operating Engineers, Local 825 Pension Fund ("Appellant" or "Local 825 Fund") appeals the district court's dismissal of its securities fraud class action complaint with prejudice, for failing to adequately plead scienter. In particular, the district court found that none of the allegations from confidential witnesses could support an inference of scienter because the reliability and personal knowledge of the witnesses themselves were not properly pleaded. Further, the district court concluded that the other allegations could not, standing alone or taken together, satisfy the more stringent pleading requirements for scienter contained in the Private Securities Litigation Reform Act of 1995 ("PSLRA"). *See Zucco Partners, LLC v. Digimarc Corp.,* 552 F.3d 981, 1000 (9th Cir.2009).

We review *de novo* challenges to a dismissal for failure to state a claim under Federal Rules of Civil Procedure, Rule

* The Honorable Robert J. Timlin, Senior United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

12(b)(6). *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.,* 416 F.3d 940, 946 (9th Cir.2005). We affirm the district court for the reasons stated in its well-reasoned order dated November 16, 2010.

**AFFIRMED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.